IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JESSIE JAMES WHIGHAM, #999503,
     Plaintiff,

vs.                                    Case No.: 5:08cv175/SPM/EMT

MS. EVE, et al.,
     Defendants.
_____/

## **ORDER, REPORT AND RECOMMENDATION**

      Plaintiff, a prisoner proceeding pro se, initiated this action on May 13, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1 at 8).  Leave to proceed in forma pauperis has been granted (Doc. 11).  The court granted Plaintiff's motion to proceed in forma pauperis based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, the court deems it necessary to vacate its order.

      Plaintiff names the following individuals as Defendants in this case:  Ms. Eve, a nurse at the Bay County Annex/Jail (Jail); Ms. Harrton, a correctional officer at the Jail; Mr. Flowers, a correctional officer at the Jail; Mr. C. Miles, a correctional officer at the Jail; Mr. Ronald Lippmann, a doctor at the Jail; and Joseph Ponte, the Warden of the Jail (Doc. 1 at 1–2).  Plaintiff alleges that on March 6, 2007, Defendants Miles and Flowers confiscated his shoes and issued him a pair of shower slides, which were defective (*id.* at 7, ¶ 8).  Plaintiff told Defendants Miles and Flowers that the shoes were defective, but they responded that there was not another pair that fit Plaintiff (*id.*).  Six weeks later, on April 24, 2007, Plaintiff slipped and fell while exiting the shower, causing injury to his ankle and foot (*id.* ¶ 9).  Later that day, Plaintiff experienced pain and swelling in his ankle, and he reported his condition to Officer Hernandez (*id.* ¶ 10).  Hours later, Defendant Eve examined Plaintiff and issued him a pair of crutches and wrapped his ankle (*id.* ¶¶ 10, 15).  On April 26 and

27, 2007, Defendant Harrton forced Plaintiff to walk to the "front door" to obtain his meal trays, despite her knowledge that Plaintiff's ankle and foot were injured (*id.* ¶ 11).  On May 21, 2007, Plaintiff was examined by Dr. Lippmann, who stated there was nothing he could do for Plaintiff. On June 11, 2007, Plaintiff requested a medical pass for an extra pillow, but Defendants denied his request (*id.* ¶ 23).  On July 11, 2007, Plaintiff was examined by Dr. Rohan, an orthopedic specialist, who diagnosed Plaintiff with a sprained ankle and a chipped bone in his foot (*id.* ¶¶ 12, 25).  Dr. Rohan recommended that Plaintiff receive an ankle brace and advised Plaintiff that he would leave the chipped bone in Plaintiff's foot until he received further instructions from Dr. Lippmann and other Jail officials (*id.*).  Defendants provided Plaintiff an "air cast" instead of an ankle brace (*id.* ¶ 25).  From April to August of 2007, Plaintiff filed numerous grievances with Warden Ponte, but Warden Ponte failed to respond (*id.* ¶¶ 13, 15).

Plaintiff was transferred to the custody of the Florida Department of Corrections on August 7, 2007 (*id.* ¶ 14).  On August 14, 2007, Plaintiff was rushed to a hospital because he had two blood clots in his lungs (Doc. 1 at 7, ¶ 14).  Plaintiff states that the attending physician told him that the blood clots developed in Plaintiff's foot and traveled to his lungs, and the cause of the blood clots was Defendants' failure to take Plaintiff to an emergency room when he slipped and fell (*id.* ¶¶ 14, 15).  Plaintiff alleges the hospital physician recommended physical therapy (*id.* ¶ 18).

Plaintiff states that on October 3, 2007, he was placed "back into the hands of Dr. Lippmann," and on December 4, 2007, Dr. Lippmann told a nurse to refuse medical treatment for Plaintiff (Doc. 1 at 7, ¶ 19–20).  By March of 2008, Plaintiff was transferred to Washington Correctional Institution (WCI), and he is currently housed there (*see id.* ¶ 17).  Plaintiff states that on March 14, 2008, a member of the medical staff at WCI asked Plaintiff how he sustained "this injury," and Plaintiff told her about his slip and fall, as well as the blood clots (*id.* ¶ 15).  Plaintiff states that the diagnosis of the medical staff at WCI was the same as the hospital physician's diagnosis, and Plaintiff is scheduled for a "chronic illness clinic appointment" very soon (*id.*). Plaintiff states a nurse at WCI told him that there is nothing else they can do to treat Plaintiff's foot and ankle (*id.* ¶ 21).

Plaintiff claims that Defendants deprived him of his rights under the First, Eighth, Fifth, and Fourteenth Amendments, as well as the Americans with Disabilities Act (ADA) (Doc. 1 at 8).  As

relief, he seeks compensatory damages for past, present, and future physical and mental injury, as well as punitive damages (*id.*).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court takes judicial notice of five cases previously filed by Plaintiff in this District, which have been previously dismissed by the court as frivolous, malicious, or for failing to state a claim upon which relief may be granted:  Whigham v. Garner, Case No. 3:97cv325/RV (N.D. Fla. Jan. 14, 1998) (dismissed for failure to comply with a court order, failure to prosecute, and failure to state a claim);  Whigham v. Lippmann, et al., Case No. 5:07cv159/RS/MD (N.D. Fla. Dec. 19, 2007) (dismissed for failure to comply with a court order, failure to prosecute, and failure to state a claim); Whigham v. Corrections Corporation of America, Case No. 5:07cv170/RS/EMT (N.D. Fla. Apr. 16, 2008) (dismissed as malicious pursuant to § 1915(e)(2)(B)(i)); Whigham v. Dr. Rohan, Case No. 5:07cv246/RS/EMT (N.D. Fla. Jan. 3, 2008) (dismissed for failure to state a claim); and Whigham v. Ms. Eve, Case No. 5:08cv51/RS/MD (N.D. Fla. Apr. 1, 2008) (dismissed as malicious pursuant to § 1915(e)(2)(B)(i)).[1]

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement.  Furthermore, his five prior cases, identified *supra*, qualify as "strikes" under § 1915(g); indeed, Plaintiff was recognized as a "three striker" by this court in two prior cases, Whigham v. Ms. Donna, Case No. 5:08cv28/RS/EMT (N.D. Fla. May 1, 2008) and Whigham v. Nurse Eve, Case No. 5:08cv82/RH/EMT (N.D. Fla. May 5, 2008). Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in

---

[1]The prisoner number of the plaintiff in each of these cases, #999503, is the same as Plaintiff's.

Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury. Even if Defendants' alleged failure to properly treat Plaintiff's injury while he was at the Jail created a risk that he would develop blood clots in his foot, the risk of serious physical injury ceased to exist when Plaintiff was treated for the blood clots in August of 2007. Furthermore, Plaintiff is no longer housed at the Jail, as evidenced by the address on his complaint, and he does not allege that any of the Defendants are employed at his present place of incarceration. Therefore, he is no longer exposed to the alleged unconstitutional conduct of Defendants. Moreover, Plaintiff does not allege

specific facts showing that the current condition of his foot and ankle poses an ongoing risk of imminent serious injury.  Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does qualify under the imminent danger exception to § 1915(g).  Accordingly, he may not proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

1.      The court's previous order (Doc. 11) granting Plaintiff's motion to proceed in forma pauperis (Doc. 9) is hereby **VACATED**.

2.      Plaintiff's motion to proceed in forma pauperis (Doc. 9) is **DENIED**.

3.      The clerk of court shall mail a copy of this order to:  Department of Corrections, 2601 Blairstone Road, Tallahassee, FL  32399-2500, Attention:  Agency Clerk.  The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 5:08cv175/SPM/EMT.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by full payment of the $350.00 filing fee.

At Pensacola, Florida, this <u>30</u><sup>th</sup> day of June 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

  **Any objections to these proposed recommendations must be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**